Judge Nicholas
delivered the Opinion of the Court.
Thf. Defendant in error as Administratrix of Moore, sued the Plaintiffs in error as Ex-ecu(;0rs heirs and devisees of N Ashby, in covenant, on the covenant ol warrantee contained in a deed of conveyance from said Ashby and J. B. 3anu-ary ¡_0 jyjoore of a tract of land, and obtained a ver- ... , . , , diet and judgment.
The assignment of errors question the sufficiency of the declaration, because it does not shew that the eviction alleged took place in the life lime of Moore. The case of Abney vs. Brownlee, II. Bibb, 170, deckles, that in- an action by an executor on a covenant to convey ]alK| the declaration must shew that the . * , , . , . „ . breach took place m the life tune of the covenantee, The case of Hatcher vs. Galloway, II. Bibb, 180, determines, that for a breach of covenant of warrantce m a deed ol conveyance, the right of action is in the heir, if the eviction happens after tlie death *L^e covenantee. An averment was therefore necessary in this case, to shew that the alleged eviction took place in the lifetime of Moore, and the declaration is bad for the want of it.
^ *s a^so °^Íecte(* that the declaration shews a conveyance of the land from Moore to another in whom it is contended the right of action is, as the declaration does not aver any conveyance of the title to Moore, or satisfaction made by him to the alienee This conclusion would lie just if the prewere true, but we do not consider the lan* °f the declaration equivalent- to an express averment that Moore had conveyed his title to another. If, as has been suggested, such was the fact, anc‘ *n truth the eviction took place after the death of Moore, and his alienee then sued and recovered satisfaction from his administratrix, whether the-rigid of action would or would not thereby revert and accrue to her, is a question not now presented by the record, and we do not feel at liberty to express the inclination of our opinion.
Turner and Hoggin for plaintiffs; Chinn for. defendants.
As the cause must be reversed for the insufficiency of the declaration, the other assignments of error need not be noticed. But to prevent the recurrence of similar error, we will suggest that the judgment is totally defective as to the form of it.
The judgment is reversed and cause remanded to the circuit court for further proceedings consistent with this opinion. The plaintiffs in error must recover their costs.